IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMEL VALENTINO WHITE,

    Petitioner,                      No. CIV S-06-2840 RRB EFB P

    vs.

RICH SUBIA, Warden,             FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Petitioner is a prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the December 13, 2006, petition. Respondent moves to dismiss this action upon the ground it is untimely. Petitioner opposes. For the reasons explained below, the court finds that the petition is untimely and the motion must be granted.

**I.    Procedural History**

On April 17, 2000, petitioner was convicted of a multitude of counts of lewd and lascivious acts on a minor. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lod. Doc.") 1. He appealed, and on July 28, 2004, the appellate court affirmed the judgment. Lod. Doc. 2. On September 7, 2004, petitioner filed a petition for review in the California Supreme Court. Lod. Doc. 3. On October 13, 2004, review was denied. Lod. Doc. 4.

////

Following this denial, petitioner commenced state post-conviction proceedings.  Thus, on November 16, 2005, petitioner filed a petition for a writ of habeas corpus in the trial court.  Lod. Doc. 5.  On January 6, 2006, the trial court denied relief in an order explaining that "[t]he petition is untimely," and citing *In re Clark*, 5 Cal.4th 750, 787-798 (1993) and *In re Robbins*, 18 Cal.4th 770, 811-812, 812 fn. 32 (1998).  Lod. Doc. 6.  On February 14, 2006, petitioner filed an application for state habeas relief in the appellate court, and that application summarily was denied on February 24, 2006.  Lod. Docs. 7, 8.   On March 13, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  Lod. Doc. 9.  On November 15, 2006, the court denied relief based on *In re Robbins*, 18 Cal.4th 770, 780 (1998)

## II.     Standards

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).   By statute, the period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  An application is "properly filed" when its delivery and acceptance comply with the applicable laws and rules governing filings.  *Artuz v. Bennet*, 531 U.S. 4, 8 (2000).  An untimely state post-conviction application is not "properly filed."  *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005).  In California, a properly-filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).   Petitioner has the burden of showing facts entitling him to statutory tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.

1  2002).

2  **III.   Analysis**

3  As noted, respondent contends that the petition was filed beyond the one-year limitation
4  period.  He asserts that petitioner cannot show that he is entitled to statutory tolling.  Petitioner
5  contends that the application is timely, asserting that he is entitled to statutory tolling.

6  Any consideration of whether the petition is timely must begin with when the conviction
7  became final.  There is no dispute that the judgment was final on January 11, 2005, 90 days after
8  the California Supreme Court denied the petition for review.  Thus, petitioner had until January
9  11, 2006, to file his federal habeas petition.  Absent tolling, the December 13, 2006, petition is
10 336 days late.  Obviously then, the ten days during which petitioner's application was under
11 consideration in the appellate court does not help petitioner.  To avoid dismissal, petitioner must
12 demonstrate that he is entitled to statutory tolling as contemplated in *Saffold*.   If he benefits from
13 such tolling, the petition will be deemed filed 29 days before time to do so expired.

14 Petitioner asserts that he is entitled to statutory tolling for the entire time he sought state
15 post-conviction relief.  Respondent asserts he his not entitled to tolling for this time because he
16 did not "properly file" his petitions in the state trial and appellate courts.  Respondent relies on
17 the rule of *Pace*, 544 U.S. at 414, i.e., an untimely state post conviction application is not
18 properly filed.  Since both the trial court and the California Supreme Court denied relief on the
19 ground that the petitions were untimely, neither was "properly filed" for purposes of the federal
20 limitation period.  Petitioner argues that this court cannot defer to any finding that the petitions
21 were untimely because California's timeliness rules for habeas applications are not adequate and
22 independent to bar review of his claims.  The court finds that petitioner's argument, while
23 carrying some surface appeal, must fail.  Petitioner relies on a body of habeas law that is wholly
24 inapplicable to any analysis of the statute of limitations, at least as the law stands now.  Nor is
25 this law likely to change any time soon.  The United States Supreme Court has distinguished
26 between "conditions to filing,"and "procedural bars."  *Artuz v. Bennet*, 531 U.S. 4, 8 (2000).  A

1  "procedural bar" arises when a state prisoner has failed to comply with a state procedure that is
2  necessary to obtain review in state court.  Once the prisoner defaults the rule, the federal court is
3  barred from reviewing any claim lost by virtue of the default.  Thus, the United States Supreme
4  Court has held that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  State prisoners asserting that their custody violates federal law must first present their claims to the state courts.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973) (noting that the exhaustion requirement is meant to "protect the state courts' rule in enforcement of federal law and prevent disruption of state judicial proceedings.").  The procedural default doctrine is meant to ensure that state prisoners comply with a state's procedural requirements for presenting his federal claims to those courts.  *Coleman*, 501 U.S. at 731-32.  Otherwise, state prisoners could avoid state review of their federal claims, which would be "unseemly in our dual system of government."  Id., at 731.  While the Anti-Terrorism and Effective Death Penalty Act in a broad sense is grounded in concerns of finality, comity and federalism, *see Williams v. Taylor*, 529 U.S. 420,  436 (2000), the statutory tolling provision in the limitations period is meant to accommodate these concerns.  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001) (noting that statutory tolling "promotes the exhaustion of state remedies by protecting a state prisoner's ability to later apply for federal habeas relief" despite the one-year limitation period); *see also Saffold*, 536 U.S. at 223 (statutory tolling is intended "to give States the opportunity to complete one full round of review, free of federal interference.").  California clearly uses its timeliness requirements as a procedural mechanism for declining to review claims.  *See Bennett v. Mueller*, 322 F.3d 573, 579-80 (9th Cir. 2003).  While state procedural bars are not conditions to filing,

but rather are conditions to obtaining relief, *Artuz*, 531 U.S. at 8, a state's time limit for filing, even if utilized as a procedural bar, is a condition to filing for purposes of the federal limitations period. *Pace*, 544 U.S. at 417 ('[W]e hold that time limits, no matter their form, are 'filing conditions."). Here, both the trial and appellate courts found that petitioner's state habeas applications were not timely. Under the applicable precedent, this court finds that they were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Thus, petitioner does not benefit from statutory tolling, and the court finds that his federal petition is untimely. Respondent's motion must be granted.

**IV.   Conclusion**

For the reasons explained, the court finds that the December 13, 2006, federal petition was filed beyond the time permitted under the statute of limitations and the petitioner has not established that he is entitled to equitable tolling.

Accordingly, it is hereby RECOMMENDED that respondent's August 3, 2007, motion to dismiss be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5